DA 13-0470

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 80N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TONY BYERS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-00-456
Honorable John Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tony Byers, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Jennifer Clark, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  March 5, 2014
Decided:  March 25, 2014

Filed:

_____
                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Tony Byers appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to amend sentence. We affirm.

¶3     The issue is whether the condition of Byers's sentence requiring him to pay the costs of court-appointed counsel should be removed.

¶4     Byers was convicted on May 22, 2001, of conspiracy to commit criminal production or manufacture of dangerous drugs, criminal production or manufacture of dangerous drugs, criminal possession of dangerous drugs, and criminal possession of drug paraphernalia. He was sentenced to a term of 25 years in the Montana State Prison with 15 years suspended. The terms and conditions of his sentence required him to reimburse Missoula County for the cost of his assigned counsel in the amount of $2,800. Byers appealed his conviction on the grounds that there was insufficient evidence corroborating the testimony of his accomplices. *State v. Byers*, 2003 MT 83, ¶¶ 3-4, 315 Mont. 89, 67 P.3d 880. This Court affirmed. *Byers*, ¶ 1. Byers did not raise payment of counsel costs as an issue on appeal. *Byers*, ¶¶ 3-4.

¶5     Byers began serving the suspended portion of his sentence on October 29, 2010. On September 6, 2011, Byers was arrested for driving under the influence of alcohol. His suspended sentence was revoked on November 22, 2011, and he was sentenced to serve 15

2

years in the Montana State Prison, with five years suspended. The condition requiring him to pay the cost of assigned counsel was carried forward from his 2001 sentence. Byers was notified of his right to apply for review of his sentence on November 25, 2011. He did not request review.

¶6 On May 14, 2013, Byers filed a motion to amend sentence, asking the District Court to remove the condition requiring him to pay counsel costs. Byers argued that the District Court did not question him about his ability to pay the costs at the time of sentencing in 2001, as required by § 46-8-113(3), MCA. On appeal, Byers adds that his current child support obligation is such that payment of the $2,800 in costs will impose a significant financial hardship. He therefore requests remission of the payment of costs pursuant to § 46-8-113(5), MCA.

¶7 Byers has already appealed his conviction to this Court. The time for filing a petition for postconviction relief has expired. Section 46-21-102(1)(b), MCA. The time to apply for sentence review has also expired. Section 46-18-903(1), MCA. Byers had ample opportunity to raise the alleged failure of the District Court to address his financial situation. He failed to do so. We will not address the alleged error for the first time now, more than a decade after the condition requiring him to pay counsel costs was originally imposed. The District Court did not err when it denied Byers's motion to amend sentence.

¶8 Byers argues that a defendant "may *at any time* petition the court that sentenced the defendant for remission of the payment of costs or of any unpaid portion of the costs." Section 46-8-113(5), MCA (emphasis added). Byers's motion in the District Court did not

3

request relief under this section, and we will not allow a party to change legal theories on appeal. *State v. Myran*, 2012 MT 252, ¶ 19, 366 Mont. 532, 289 P.3d 118.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE